IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

WARREN WEXLER, on behalf of himself
and all others similarly situated,

                Index No.11-cv-3329(DAB)(KNF)

**AMENDED CLASS
ACTION COMPLAINT**

                Plaintiff,

v.

SUNRISE CREDIT SERVICES, INC.

                Defendant.

-----------------------------------------------------------X

Plaintiff, by his attorney The Law Offices of Shimshon Wexler, P.C., as and for his amended complaint against the defendants, on behalf of a class pursuant to Rule 23 alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Sunrise Credit Services, Inc. ("Sunrise"). Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in

connection with the collection of a debt and requires certain disclosures. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367 and 28 U.S.C. §1391.

4. Venue and personal jurisdiction in this District are proper because:

   a. Defendant does business within this District;

   b. The acts giving rise to this lawsuit occurred within this district.

## PARTIES

5. Plaintiff, Warren Wexler, is an individual who resides in New York, New York.

6. Defendant, Sunrise, is a corporation chartered under New York law with offices at 260 Airport Plaza, Farmingdale, New York 11735.

7. Upon information and belief, Sunrise is a corporation engaged in the business of collecting debts.

8. Upon information and belief, Sunrise collects for others.

9. Upon information and belief, Sunrise is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

10. On or about May 5th, 2011 plaintiff received a voice message from Sunrise.

11. In leaving the voice message, Sunrise was attempting to collect a debt.

12. In leaving the voice message, defendants sought to collect a financial obligation incurred for personal, family or household purposes, namely fees emanating from a personal cable bill.

13. The voice message stated "This is an important message for Warren Wexler. Please call back Evan at 866-257-3628. Again my extension is 3235, it is very important you return this call as soon as possible. Thank you and have a nice day."

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. The voice message violates 15 U.S.C. §§1692, 1692d and 1692e.

16. 1692d entitled Harassment or abuse states:
A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

17. In placing the telephone call, defendant did not meaningfully disclose the caller's identity.

18. Saying the phone call is from Evan without a last name or without disclosure on whose behalf Evan is calling is not meaningful disclosure of the caller's identity.

19. Section 1692e entitled False or Misleading Representations provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:.....

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

20. By leaving the voice message, Sunrise violated the above quoted provision of the statute because it failed to tell the consumer it was a debt collector.

21. Sunrise is liable to the plaintiff for statutory damages pursuant to 15 U.S.C. §1692k because of the FDCPA violation.

## CLASS ALLEGATIONS

22. Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b)(3).

23. The class consists of (a) all individuals (b) with a New York address (c) who have received a phone message from Sunrise (d) on or after a date one year prior to the filing of this action and on or

before a date 20 days after the filing of this action where (e) Sunrise did not meaningfully disclose its identity by saying that it was a call from Sunrise and/or where Sunrise did not say that it was a debt collector when calling.

24. The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class.

25. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common questions are: (1) whether the leaving of voice messages without disclosing more than the first name of the caller provides meaningful disclosure of the caller's identity and/or (2) whether the leaving of messages without disclosing that the message is from a debt collector violates the FDCPA.

26. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

27. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

28. A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.      Individual actions are not economically feasible;

      b.      Members of the class are likely to be unaware of their rights;

      c.      Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and the class and against the defendant for:

    (1)    Statutory damages;

    (2)    Attorney's fees, litigation expenses and costs of suit;

    (3)    Such other and further relief as the Court deems proper.

Dated: New York, New York
       May 24, 2011

                      **The Law Offices of Shimshon Wexler, PC**

                      By: _____
                      Shimshon Wexler (SW0770)
                      Attorney for Plaintiff
                      2710 Broadway, 2Fl
                      New York, New York 10025
                      Tel: (212)760-2400
                      Fax: (917)512-6132
                      swexler@collectorabuselaw.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

_____
Shimshon Wexler